UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- X
HUBERT LOPEZ, on behalf of himself, and : 23 Civ. 2880 (JPC) (GS)
others similarly situated, :
: OPINION AND ORDER
              Plaintiffs, :
:
       - against - :
:
ST. LUKE'S ROOSEVELT HOSPITAL :
CENTER d/b/a MOUNT SINAI WEST, :
MOUNT SINAI HOSPITALS GROUP, :
INC., RICHARD IRIZZARY, and LLOYD :
VASQUEZ, :
:
              Defendants. :
---------------------------------------------------------------------------- X

**GARY STEIN, United States Magistrate Judge:**

      Plaintiff Hubert Lopez ("Lopez" or "Plaintiff"), individually and on behalf of others similarly situated, brings this action alleging violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA") against corporate defendants St. Luke's Roosevelt Hospital Center, d/b/a Mount Sinai West ("Mount Sinai West"), and Mount Sinai Hospitals Group, Inc. (together, "Mount Sinai") and individual defendants Richard Irizzary and Lloyd Vasquez (collectively with Mount Sinai, "Defendants"). Plaintiff alleges Defendants engaged in various unlawful employment practices, including failure to pay certain wages and overtime.

      Before the Court is Plaintiff's motion for conditional certification of a collective action on behalf of current and former field security supervisors at Mount Sinai. (*See* Dkt. Nos. 27 (Notice of Motion or "Not.") and 29 (Memorandum of Law

in Support or "Br.")). Specifically, Plaintiff seeks an order (1) authorizing Plaintiff to disclose the pendency of this lawsuit to potential opt-in collective action members pursuant to 29 U.S.C. § 216(b); (2) compelling Defendants to furnish the names, last known addresses, and telephone numbers of current and former "security employees" employed by Defendants during the relevant period; and (3) authorizing Plaintiff to circulate a Notice of Lawsuit with Opportunity to Join and Opt-In & Consent to Join forms to potential collective action members. (Not. at 1-2). Defendants oppose the motion. (*See* Dkt. No. 42 (Memorandum of Law in Opposition or "Opp.")).

For the reasons set forth below, Plaintiff's motion is **DENIED** with leave to renew.

## BACKGROUND

### A. Allegations in the Complaint

Plaintiff worked for Mount Sinai as a "non-exempt staff field security supervisor and later as a non-exempt senior staff security supervisor," beginning in November 2005 until his termination on August 9, 2022. (Dkt. No. 23 ("First Amended Complaint" or "FAC") ¶¶ 10, 17). In addition to Mount Sinai, the First Amended Complaint alleges that individual defendants Ricard Irizzary and Lloyd Vasquez, the Director and Assistant Director of Security at Mount Sinai West, respectively, acted as Plaintiff's "employer" within the meaning of the FLSA. (*Id.* ¶¶ 8-9). Plaintiff claims that Defendants "knowingly and willfully failed to pay

Plaintiff lawfully earned wages and overtime compensation," in violation of the FLSA and the NYLL.  (*Id.* ¶ 14).

More specifically, Plaintiff claims that, although he was hired as a non-exempt employee and paid on an hourly basis, he was not paid overtime compensation at time and one-half as required by law.  (*Id.* ¶¶ 19, 21-22).  Instead, up until April 2019, Plaintiff was paid "straight time" for all hours worked without any overtime premium.  (*Id.* ¶ 21).  Beginning in April 2019, he was paid "comp time" for hours worked in excess of 40 hours per week.  (*Id.*).  Plaintiff alleges he worked over 40 hours per week during his employment and "often worked" between 48 and 56 hours per week.  (*Id.*).[1]

After 2019, Plaintiff alleges that he was "improperly classified as an 'exempt' employee," even though he did not perform managerial functions.  (*Id.* ¶¶ 18-20, 23).  He further alleges that Defendants did not provide him with annual wage notices, as required by New York law, and that, when he complained about not being paid overtime, Defendants unlawfully retaliated against him by terminating his employment.  (*Id.* ¶¶ 23, 73).

Plaintiff initiated this suit on April 6, 2023 (Dkt. No. 1) and amended his complaint on September 5, 2023 to add collective action allegations.  (*See* FAC ¶¶ 26-33).  According to the FAC, Plaintiff brings this action both individually and on behalf of "all other current and former non-exempt Mount Sinai Hospitals

---

[1] Lopez also alleges Defendants routinely deducted 30 minutes for lunch from his paycheck, which he did not take.  (*Id.* ¶ 22).

3

Security personnel who have been or were employed by the Defendants since September 2020 to the entry of judgment in this case . . . , and who [were] improperly classified as exempt employees and paid a salary and/or given 'comp' time for hours worked in excess of forty hours per week." (*Id.* ¶ 26).

### B. Plaintiff's Motion for Conditional Certification

In support of his motion, Plaintiff submitted a declaration from counsel with the proposed notice to be sent to prospective opt-in plaintiffs and a proposed opt-in form. (Dkt. No. 30 Exs. A & B). The proposed notice is directed to all individuals who are "current and former field security supervisors employed by MOUNT SINAI WEST or related entities, at any time on or after October 3, 2023." (*Id.* Ex. A at 1).

Lopez provided a supporting affidavit, stating that he "worked as a field security 'supervisor' at Mount Sinai West," located on 10th Avenue, and was a "senior 'supervisor'" beginning in April 2019. (Dkt. No. 28 (Affidavit of Hubert Lopez or "Lopez Aff.") ¶¶ 1, 3). During his employment, Lopez alleges that he "typically worked" 48 to 51 hours per week, "and sometime[s] more." (*Id.* ¶ 2). He further alleges he was not properly paid overtime for hours worked in excess of 40 hours per week, both before and after he became a senior supervisor in April 2019. (*Id.* ¶ 3).

With respect to other potential plaintiffs, Lopez states "I know that other employees in the same or similar position worked over" 40 hours per week and were "paid a salary, for all hours worked." (*Id.* ¶ 6). He then alleges that there are six employees working at any given time at the Mount Sinai West campus on 10th

4

Avenue "who worked more than [40] hours per week and were not paid overtime." (*Id.*). Lopez further alleges that "[t]he same policy and payroll practices applied to Mt. Sinai employees at its Morningside campus." (*Id.*).

Finally, Plaintiff states that "[i]ndividuals with whom I have spoken, who worked over forty (40) hours per week and were not paid overtime compensation during the last several years, include" six named persons (whose positions and responsibilities he does not describe). (*Id.* ¶ 7). Lopez adds: "The employees talk to each other, and I know that Mt. Sinai West did not pay overtime to its field security supervisors." (*Id.* ¶ 8). The Lopez Affidavit does not, however, specifically say that any of the employees with whom Lopez had spoken told him they were not paid overtime, or otherwise explain how Lopez "knows" this to be true.

## C. Defendants' Opposition

Defendants submitted three declarations in support of their opposition to Plaintiff's motion. Specifically, they filed a declaration from their counsel (to which was attached, *inter alia*, Defendants' version of the proposed notice to potential opt-in plaintiffs should Plaintiff's motion be granted) (Dkt. No. 39); a declaration from Defendant Irizzary, which attests that five of the six employees named in the Lopez Affidavit worked only as field supervisors at Mount Sinai West (Dkt. No. 41 ("Irizzary Aff.")); and a declaration from Steve Gonzalez, the sixth Mount Sinai employee named in Plaintiff's affidavit (Dkt. No. 40 ("Gonzalez Decl.")).

In his declaration, Gonzalez states that since September 2022, he has worked as a Senior Security Supervisor at Mount Sinai West (the same position held by

5

Lopez from April 2019 until August 2022).  (Gonzalez Decl. ¶ 1).  In contrast to Lopez's claim that he did not perform managerial functions in this role, Gonzalez asserts that he "supervise[s] between four to five Field Supervisors," and exercises a range of managerial functions.  (*Id.* ¶¶ 2-9).  This includes decisions regarding hiring and firing, whether to involve the New York Police Department in security incidents, and completing performance appraisals for "approximately twenty Security officers working on [his] shift."  (*Id.* ¶¶ 4-6).

## LEGAL STANDARDS

### A. FLSA's Certification Framework

Pertinent to the instant motion, Section 216(b) of the FLSA provides that "[a]n action to recover . . . liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

"While the statute does not prescribe any procedures for approval of collective actions, section 216(b) has long been construed to grant authority to a district court to permit notices to be sent to potential plaintiffs informing them of the option to join the suit."  *Lorenzo v. Dee Mark Inc.*, No. 23 Civ. 48 (MKV) (GWG), 2023 WL 7501362, at *3 (S.D.N.Y. Nov. 14, 2023); *see also Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) ("district courts have discretion, in appropriate cases, to implement [Section 216(b)] . . . by facilitating notice to potential plaintiffs"); *Braunstein v. E. Photographic Labs. Inc.*, 600 F.2d 335, 336 (2d Cir. 1978) ("Although one might read the [FLSA], by deliberate omission, as not providing for

6

notice, we hold that it makes more sense, in light of the 'opt-in' provision of [Section 216(b)], to read the statute as permitting, rather than prohibiting, notice in an appropriate case.").

Orders which authorize notice pursuant to Section 216(b) are colloquially referred to as orders "certifying" a collective action, "even though [the] FLSA does not contain a certification requirement." *Wood v. Mike Bloomberg 2020, Inc.*, 484 F. Supp. 3d 151, 156 (S.D.N.Y. 2020) (citation omitted). "The act of 'certifying' a collective action, however, means only that this court has 'exercised . . . its discretionary power . . . to facilitate the sending of notice' to potential members of the collective." *Lorenzo*, 2023 WL 7501362, at *3 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (cleaned up)).

"'The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action.'" *Id.* (quoting *Young v. Cooper Cameron Corp.*, 220 F.R.D. 50, 54 (S.D.N.Y. 2005). As such, "no showing of numerosity, typicality, commonality and representativeness need be made." *Id.* (citation omitted). Further, "in contrast to the procedures for a class action under Fed. R. Civ. P. 23, in a collective action, only plaintiffs who affirmatively opt in can benefit from the judgment." *Wood*, 484 F. Supp. 3d at 156 (cleaned up).

### B. The Two-Step Process for Collective Action Certification

The Second Circuit employs a two-step process in FLSA cases involving a proposed collective action:

> At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law. At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs.

*Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (citations omitted).[2] The motion before the Court is a step-one motion. At this early, pre-discovery stage of the case, "the threshold issue . . . is whether plaintiffs have demonstrated that there are other employees who are 'similarly situated.'" *Lorenzo*, 2023 WL 7501362, at *4 (quoting *Glatt*, 811 F.3d at 540).

When deciding whether a plaintiff has met this threshold standard, a court "should not weigh the merits of the underlying claims" and "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661-62 (S.D.N.Y. 2013) (cleaned up). Rather, a court narrowly decides whether the plaintiff has made a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

---

[2] Defendants criticize this approach and ask the Court to follow the "more exacting" standards for conditional certification set forth in recent decisions by the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), and the Fifth Circuit in *Swales v. KLLM Transport Servs., LLC*, 985 F.3d 430 (5th Cir. 2021). (Opp. at 3 n.1.). As Defendants acknowledge, however, "the Second Circuit has yet to adopt the standard from either *Swales* or *Clark*." (*Id.*). Thus, this Court will apply existing Second Circuit precedent.

8

"Although the plaintiff bears a low burden of proof, 'the burden is not non-existent.'" *Adam v. Bloomberg L.P.*, No. 21 Civ. 4775 (JLR) (JLC), 2023 WL 3814252, at *3 (S.D.N.Y. June 5, 2023) (quoting *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010)); *see also Mata v. Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015) ("'certification is not automatic'") (quoting *Romero v. H.B. Auto Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012))). "Even at the conditional certification stage, a plaintiff's burden under [Section] 216(b) 'cannot be satisfied simply by unsupported assertions,' or with 'conclusory allegations.'" *Zhongle Chen v. Kicho Corp.*, No. 18 Civ. 7413 (PMH) (LMS), 2020 WL 1900582, at *6 (S.D.N.Y. Apr. 17, 2020) (quoting *Myers*, 624 F.3d at 555, and *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006)). "Instead, a plaintiff must offer 'actual evidence of a factual nexus' between [his] situation and those of other allegedly similarly situated employees." *Adam*, 2023 WL 3814252, at *3 (quoting *Qing Gu v. T.C. Chikurin, Inc.*, No. 12 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014)).

## DISCUSSION

Plaintiff may meet his burden of showing that he and other Mount Sinai employees are similarly situated in one of two ways. These two methods were detailed by Judge Gorenstein in *Contrera v. Langer*, 278 F. Supp. 3d 702, 716 (S.D.N.Y. 2017):

> One is a "top-down" method of proof, in which a plaintiff provides evidence from a central office or from management levels of an employer showing that the employer had a policy or practice of treating all employees in the class similarly with respect to the allegedly illegal labor law practice . . . . The other form of proof may be called "bottom-up"—that is, where plaintiffs and sometimes other employees provide affidavits conveying their own experience with the employer, or recount conversations with other employees, and then seek to draw an inference that an illegal policy or practice exists that covered a group of employees broader than the plaintiff or the other employees who provided the affidavits.

Here, Plaintiff supports his motion with his own affidavit, which is a form of the "bottom-up" method of proof. *See Lorenzo*, 2023 WL 7501362, at *5. Lopez argues that, based on his affidavit, he "easily met the minimal initial stage burden" because he has "provided firsthand knowledge that other individuals performing similar job functions" were treated similarly to him with respect to hours and compensation. (Br. at 11).

Defendants counter with two main arguments. First, they argue that Lopez's "own conclusory and vague affidavit" fails to provide "actual evidence" of a factual nexus between himself and others similarly situated and lacks the "most basic level of specificity or detail" required at step one. (*See* Opp. at 5-8). Second, Defendants argue that "the evidence shows that Plaintiff is not similarly situated" to the proposed collective because during the relevant period Lopez was a senior security supervisor and five of the six other employees identified in the Lopez Affidavit held the different position of field security supervisor. (*See id.* at 8-10; *see also* Irizarry Decl. ¶¶ 2-6). Moreover, the sixth employee, Steve Gonzalez, submitted an affidavit

contradicting Lopez's claim that senior security supervisors did not perform managerial functions.  (*See* Gonzalez Decl. ¶¶ 4-7).[3]

Defendants' second argument is readily disposed of.  "As a threshold matter," Defendants' "own factual assertions about its internal job categorizations and their various duties have very little bearing on the preliminary certification question." *Adam*, 2023 WL 3814252, at *4.  Lopez claims his promotion to senior security supervisor was a mere "title . . . change[]" and that, even after holding that position, his duties were non-managerial and he should not have been classified as an exempt employee.  (Lopez Aff. ¶ 3; FAC ¶¶ 18, 23).  At this stage, the Court cannot "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  *Hernandez v. City of N.Y.*, No. 16 Civ. 3445 (RA), 2017 WL 2829816, at *4 (S.D.N.Y. June 29, 2017) (cleaned up).[4]

However, Defendants' first argument—that Lopez's single, brief, and conclusory affidavit is too slender a basis to carry even his modest burden—is persuasive.  It is true that a "single affidavit" from the plaintiff—"'containing no more than some combination of descriptions of personal experience, observations of other employees sharing that experience, and references to conversations with those

---

[3] Defendants also argue that Plaintiff failed to show that employees at Mount Sinai's Morningside campus should be included in the proposed collective.  (Opp. at 10).  In view of its disposition of the motion, the Court need not reach that question here.

[4] Defendants rely on *Khan v. Airport Mgmt. Servs.*, LLC, No. 10 Civ. 7732 (NRB), 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011), for the proposition that Lopez's step-one motion should be denied because he has not yet identified another Mount Sinai employee who would like to join his lawsuit. (*See* Opp. at 7 n.3, 9).  Unlike here, however, the *Khan* court's reliance on this same fact occurred after limited discovery was taken with respect to collective class certification.  *See Khan*, 2011 WL 5597371, at *2.  Meanwhile, this case has yet to progress to an Initial Case Management Conference, let alone any form of discovery.

employees'"—has often been sufficient to grant approval of a collective action. *Lorenzo*, 2023 WL 7501362, at *5 (quoting *Ramirez v. Liberty One Grp. LLC*, No. 22 Civ. 5892 (KPF), 2023 WL 4541129, at *3 (S.D.N.Y. July 14, 2023) (collecting cases)). Nevertheless, Defendants are correct that a collective certification motion must fail if the single affidavit relies on insufficient descriptions, conclusory allegations, and unsupported assertions. (Opp. At 5-8 (citing, *inter alia*, *Yang v. Asia Mkt. Corp.*, No. 17 Civ. 6886 (VEC), 2018 WL 2227607, at *2 (S.D.N.Y. Apr. 3, 2018) (denying conditional certification where plaintiff's affidavit was "extraordinarily general and vague and [did] not mention a single specific conversation that she had with any of her coworkers about Defendants' compensation practices"); *Huertero-Morales v. Raguboy Corp.*, No. 17 Civ. 2429 (JCF), 2017 WL 4046337, at *2 (S.D.N.Y. Sept. 12, 2017) ("conditional certification is not appropriate where a plaintiff provides no details about his conversations with other employees and provides no affidavits from any other employees corroborating his claims") (cleaned up))).

Here, the Lopez Affidavit contains conclusory statements such as "I know that other employees in the same or similar position worked over forty [] hours per week" and "[t]he employees talk to each other, and I know that Mt. Sinai West did not pay overtime to its field security supervisors." (Lopez Aff. ¶¶ 6, 8). Without more specific factual assertions supporting those conclusory allegations, the Lopez Affidavit falls short of satisfying Plaintiff's burden. *See Adam*, 2023 WL 3814252, at *4 ("conclusory allegations and 'unsupported assertions' are not sufficient to

12

support a motion for conditional collective action certification") (quoting *Myers*, 624 F.3d at 555); *Silva v. Calle 8, LLC*, No. 12 Civ. 677 (ERK) (MDG), 2013 WL 6330848, at *3 (E.D.N.Y. Dec. 5, 2013) ("where plaintiffs fail to provide . . . specific factual allegations, courts routinely deny conditional certification") (collecting cases).

The Lopez Affidavit does specifically identify six potential opt-in plaintiffs who Lopez alleges worked similar hours to him and were subject to the same illegal policy or scheme with respect to hours and pay. (Lopez Aff. ¶ 7). But merely naming these individuals is not enough. Plaintiff has failed to provide any details as to *how* he "know[s]" that these individuals were subject to the same illegal employment practices. He does not say what he observed with respect to these individuals, what they have told him about their compensation and hours, or when and where these observations and conversations occurred. *See, e.g.*, *Huertero-Morales*, 2017 WL 4046337, at *3 ("information regarding where or when a plaintiff's observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process") (cleaned up); *cf. Lorenzo*, 2023 WL 7501362, at *5 (crediting a single affidavit with respect to similarly situated delivery workers where affidavit contained statements such as "while working, and grabbing drinks," workers would "complain and discuss how it was unfair that kitchen employees . . . regularly received a portion of their tips," and "workers would discuss and complain how it was unfair defendants made them spend their own money on bike maintenance") (cleaned up).

Instead, Plaintiff offers nothing more than the vague assertion that "employees talk to each other." (Lopez Aff. ¶ 8). As a result, basic "what?" "when?" "where?" and "how?" questions are left unanswered due to the factual insufficiencies of the affidavit. To grant Plaintiff's motion, the Court would need these questions answered. *See Adam*, 2023 WL 3814252, at *5 ("[w]here a plaintiff bases her assertions regarding similarly situated employees upon her own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred"); *see also Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan 27, 2014) (the court cannot be "left with a list of generalized allegations" insufficient for conditional certification).

In his brief, Plaintiff argues that his affidavit identifies six other employees "whom he has personally spoken with, who confirmed that they too did not receive proper overtime compensation" and that this "firsthand knowledge" of other similarly situated individuals demonstrates a reasonable basis for his collective action allegations. (Br. at 4, 11). But these statements in Lopez's brief go where his affidavit fears to tread. Nowhere does the Lopez Affidavit say that Lopez had any conversation with any of the six employees in which an employee said that they were not paid overtime or were misclassified as an exempt employee. If those conversations happened, the affidavit needs to demonstrate as much and to do so with the requisite degree of specificity.[5]

---

[5] Similarly, in his reply brief, Plaintiff contends that his affidavit "affirms that he personally observed other employees working similar hours and performing similar job functions as him." (Dkt.

14

Relying on *Sobczak v. AWK Indus., Inc.*, 540 F. Supp. 2d 354 (E.D.N.Y. 2007), and other cases, Lopez notes that courts in this Circuit regularly reject defense arguments that a plaintiff's affidavit is too conclusory to justify conditional certification. (Dkt. No. 43 at 2-4). But that is because the affidavits in those cases set forth sufficient factual detail and did not rely solely on conclusory allegations. In *Sobczak*, for example, the court relied on two affidavits with far more detail than the Lopez Affidavit here. *See Sobzcak*, Dkt. No. 19 Exs. 3, 4. Not only did the *Sobczak* affiants provide a list of allegedly similarly situated employees, but they also stated that they "had conversations with other employees regarding [their] misclassification," that employees "often compared their paychecks," and that employees "often complained to their managers" who admitted they should have been paid more. *Sobzcak*, 540 F. Supp. 2d at 363. No such detailed and analogous allegations are present here.

In sum, "at the conditional certification stage, the key question is 'whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. Section 216(b) with respect to their allegations that that the law has been violated.'" *Adam*, 2023 WL 3814252, at *6 (quoting *Young*, 229 F.R.D. at 54); *accord, e.g.*, *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *2 (S.D.N.Y. Feb. 19, 2008). Here, Plaintiff has "failed to show the existence of 'a factual nexus' between [his] experience and those of potential plaintiffs with regard to a[] FLSA violation." *Id.* Accordingly, Lopez's motion for conditional certification must be rejected at this

---

No. 43 at 4). No such "observ[ations]," however, are reported in the Lopez Affidavit, let alone observations that these employees were not properly paid overtime for such hours.

time, subject to renewal upon a more developed factual record. *Id.*; *see also Myers*, 624 F.3d at 558 (continual evaluation is appropriate as to whether collective notice should be approved "as the case progresses").[6]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to authorize circulation of the pending lawsuit to potential opt-in plaintiffs is **DENIED without prejudice to renewal** upon a more developed factual record. The Clerk of Court is respectfully directed to close Docket Number 27.

DATED:   New York, New York
         February 28, 2024

_____
GARY STEIN
United States Magistrate Judge

---

[6] Because Plaintiff has failed to make his modest factual showing with respect to similarly situated Mount Sinai employees, the Court need not address the adequacy of the contents of his proposed opt-in notice and whether Defendants should be required to disclose contact information of certain Mount Sinai employees. (*See* Not. at 1-2; Opp. at 10-14).